# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT JONES, | ) |
| Plaintiff, | ) Civil Action No. 14-536 |
| v. | ) Judge Nora Barry Fischer |
| EDUCATION MANAGEMENT CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 23rd day of April, 2015, upon consideration of Plaintiff's Complaint, (Docket No. 1), Defendant's Motion to Dismiss, (Docket No. 5),[1] all related briefing, (Docket Nos. 6, 12, 13, 14, 15, 21, 22, 32, 33, 34, 37),[2] the Court having heard Argument, (Docket No. 18), the official transcript of same, (Docket No. 20), the Court's prior Memorandum Order denying the Motion, without prejudice, and ordering the parties to engage in limited discovery through February 10, 2015, (Docket No. 23), and the Court's independent research,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, (Docket No. 5), is GRANTED. Plaintiff's claims shall be resolved in accordance with Education Management Corporation's Alternative Dispute Resolution Policy and Procedures ("ADR Policy"). This action is dismissed, with prejudice. The Court shall mark this case closed.

In support of said Order, the Court notes the following:

---

[1] As indicated, the Motion was previously denied, without prejudice. (Docket No. 23). Following the close of the limited discovery, Plaintiff was granted leave to file a supplemental brief to Defendant's Motion. (Docket No. 31). Defendant responded, requesting that this Court dismiss Plaintiff's Complaint. (Docket No. 33 at 16). The Court construes said Response as a renewal of the Motion to Dismiss. Plaintiff replied, (Docket No. 34), and Defendant filed a Sur Reply, (Docket No. 37).

[2] The Court notes that on April 15, 2015, Plaintiff moved for partial summary judgment, (Docket No. 38). This Court stayed all proceedings relative to said motion until further Order of Court. (Docket No. 40).

Throughout this litigation, Defendant has argued that this matter should be dismissed, as the parties agreed to arbitrate such disputes by way of the ADR Policy. (Docket No. 5-2); (*See, e.g,.* Docket No. 6 at 1-2, Docket No. 33 at 15-16). The pertinent excerpts of the ADR Policy provide:

> This policy is intended to create the **exclusive means** by which all work-related disputes between Education Management Corporation (and its related entities or asserted agents, hereinafter "the Company") and its employees will be promptly addressed and fairly resolved. . .
>
> Level One Disputes: Claims alleging a violation of legally protected rights such as claims of **employment discrimination, harassment, retaliation, wrongful termination or other alleged unlawful treatment, including asserted violations of state, local or federal law**. . .
>
> Step Four: Binding Arbitration
> 1 . . . This Arbitration Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore **this Arbitration Agreement requires all such disputes to be resolved only through final and binding Arbitration and not by way of court or jury trial**. . .
>
> 2. Both the Company and the employee retain the right to file administrative charges with any federal, state, or local administrative agency with enforcement responsibilities. However, after exhaustion of the administrative process, any remaining issue or dispute between the Company and its employee **shall be resolved exclusively through these dispute resolution procedures**.

(Docket No 5-2 at 5-8) (emphasis added). Defendant points out that two other Judges in this District have dismissed similar cases involving the same ADR Policy. *See Masoner v. Educ. Mgmt. Corp.*, Civil Action No. 13-1458, 18 F. Supp.3d 652 (W.D. Pa. May 2, 2014) (C.J. Conti) and *Scott v. Educ. Mgmt. Corp.*, Civil Action No. 14-537, Docket No. 22 (W.D. Pa. Mar. 11, 2014) *reconsideration denied,* Docket No. 27 (W.D. Pa. Apr. 9, 2015) (J. Cercone).

The crux of Plaintiff's argument is that the ADR Policy itself is retaliatory in violation of Title VII, as it was implemented during the beginning of the EEOC investigation for his initial discrimination complaint, which then caused him to file a subsequent retaliation complaint with the EEOC on October 4, 2012. (Docket No. 15 at 2-3). The plaintiff in the *Scott* case also raised this retaliation argument in opposition to Defendant's motion to dismiss. (Civil Action No. 14-537, Docket No. 11 at 4, 6). Judge David S. Cercone rejected said argument, noting that the plaintiff's claims under the ADEA and Title VII claims, as well as his wrongful termination under Pennsylvania common law, fall within the substantive scope of the ADR Policy. (Civil Action No. 14-537, Docket No. 22 at 10).

Plaintiff also contends that "general validity of mandatory ADR policies as conditions of continued employment is not the issue before this Court." (Docket No. 13 at 14). This Court disagrees. As explained by Judge Cercone, several district courts applying Pennsylvania law have held that when an employer distributes a mandatory arbitration policy to existing at-will employees, as part of an employee handbook or as a freestanding document, such distribution "constitutes an offer of continued employment, subject to the terms of the arbitration program, which an employee accepts by continuing his employment after receiving notice of the program." (Civil Action No. 14-537, Docket No. 22 at 8-9) (citations omitted).

Plaintiff further challenges the ADR Policy's retroactivity. (*See* Docket No. 22 at 14). Chief Judge Joy Flowers Conti and Judge Cercone have both rejected said challenge and found that the ADR Policy applies retroactively. *Masoner*, 18 F. Supp.3d at 661; (Civil Action No. 14-537, Docket No. 22 at 9-10). In light of these holdings, this Court likewise finds no merit to this argument.

Upon consideration of all of the pertinent filings, and in light of the sound analysis of Chief Judge Conti and Judge Cercone, this Court adopts the reasoning set forth in the

Memorandum Order of Judge Cercone, (Civil Action No. 14-537, Docket No. 22) and the Opinion of Chief Judge Conti, *Masoner*, 18 F. Supp.3d 652 and grants Defendant's renewed Motion to Dismiss.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.